**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jeremy Keith Barrientes,<br><br>Defendant. | No. CR-03-00898-001-PHX-JAT<br><br>**ORDER** |

On January 20, 2026, Defendant Jeremy Keith Barrientes filed an untitled, handwritten note. (Doc. 57 at 1). Therein, Defendant states that "[i]t would bring [him] great joy to conclude this matter to all parties in satisfaction with all records forever sealed." (Doc. 57 at 2). The Court interprets the filing as a Motion to Seal Defendant's criminal record. The Government filed a Response, and Defendant filed a reply. (Docs. 59, 60).

The Government's Response summarizes the history of the case as follows:

On August 3, 2004, Jeremy Keith Barrientes was convicted of Use/Brandishing of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 35.) He was sentenced to 84 months' imprisonment, to be followed by five years of supervised release. (Id.)

While on supervised release, Barrientes was charged with committing Armed Robbery and Misconduct Involving Weapons. He pled guilty to those charges and, on November 9, 2012, was sentenced to 21 years in prison at the Arizona Department of Corrections. His current projected release date is October 27, 2028. See Arizona Department of Corrections Inmate Data Search, https://corrections.az.gov/inmate-data-search (last visited May 28, 2025).

Because of those Maricopa County charges, a petition to revoke Barrientes' supervised release was filed on September 22, 2010. The petition alleged that he committed a new crime while on supervised release. Because of that pending petition, Barrientes has a federal detainer lodged against him. That detainer was last updated on September 25, 2020. Id.

On May 9, 2025, Jeremy Barrientes submitted a letter to the Court asserting his speedy trial rights and giving notice of a Sixth Amendment claim. (Doc. 47.) On July 1, 2025, Barrientes' motion was denied. (Doc. 53.)

(Doc. 59 at 1–2).

Regarding Defendant's Motion, the Government notes "it is unclear what exactly [Defendant] Barrientes is asking for." (Doc. 59 at 2). The Government argues that, to the extent Defendant, by seeking to "conclude this matter to all parties in satisfaction," is making another request to assert his speedy trial rights, the request should be denied for the reasons previously stated by this Court. (*See* Docs. 42, 53). To the extent Defendant's letter is requesting that his entire case file be sealed, the Government argues this request should also be denied because Defendant has failed to offer any compelling reason to overcome the strong presumption of public access to court records. (Doc. 59 at 2–3). The Court agrees.

In federal court, "there is 'a strong presumption in favor of access to court records'" that can be overcome "only by showing a 'compelling reason.'" *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (citations omitted). Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted). "[A] litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, the Court does not find a compelling reason to seal Defendant's conviction record. Defendant has not identified any facts suggesting that his court records are being used for an improper purpose. He offers no compelling interest that would be harmed absent sealing, and he fails to explain why any alternative to sealing would be inadequate. Furthermore, this case has been active since November 15, 2002—more than 23 years—

and Defendant fails to show why the entire matter would need to be sealed now. *See Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465–66 (9th Cir. 1990) (documents in a criminal proceeding may be closed to the public only if closure serves a compelling interest, there is a substantial probability that the interest would be harmed absent closure, and there are no adequate alternatives).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Seal (Doc. 57) is denied.

**IT IS FURTHER ORDERED** that, no cause having been shown to file under seal, Docs. 57 and 58 are unsealed.

Dated this 23rd day of March, 2026.

James A. Teilborg
Senior United States District Judge

cc: Dft.

- 3 -